

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-6826

Re: Has a taxpayer the right to change the valuation on his property for taxation purposes after the board of equalization of an independent school district has approved the valuation set by an assessor and taxes calculated thereon have become delinquent?

We have your letter of transmittal to which you have attached a copy of a letter from Mr. L. W. Wimbish, Superintendent of the Itasca Schools, requesting an answer to his question prompted by the facts summarized as follows:

Mr. T. X. Wilkinson, a delinquent taxpayer in the Itasca Independent School District, owes delinquent school taxes for twelve years. The school tax records reflect taxes calculated on a $4,000 valuation for 1933, 1934 and 1935, a $3,200 valuation for 1936, a $3,000 valuation for 1937 and 1938, and a $2,000 valuation for 1939 through 1944. Instead of tendering the amount of taxes, penalty and accrued interest as shown by the tax rolls, Mr. Wilkinson has tendered a sum of money calculated on a uniform tax valuation of $2,000 for each delinquent year. He ignores the valuations approved by the boards of equalization for the years 1933 through 1938.

The Itasca Independent School District has

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

its own tax system, including its own tax collector and board of equalization and has never invoked the general taxing statutes relating to the assessment and collection of State, county and common school district taxes.

The question submitted for our determination is:  Has a delinquent taxpayer the right to change the valuation of his own property for school tax purposes, after the boards of equalization of an independent school district have duly approved the valuations for numerous delinquent years and taxes calculated on such valuations have become delinquent?

Senate Bill 314, Chapter 135, General Laws of Texas, passed at the regular session of the 29th Legislature, 1905, page 328 of such laws, created the Itasca Independent School District, and Section 5 thereof reads as follows:

"Section 5.  The said board of trustees shall be vested with the full management and control of the free schools in said independent school district and shall be vested with all the powers, rights and duties that are provided by general laws for trustees in towns and villages incorporated for free school purposes only, including the powers and manner of taxation, issuing bonds, buying grounds, and buying and erecting buildings and improvements and all materials and supplies for school purposes."

Article 1048, Revised Civil Statutes of Texas, 1925, as amended, reads as follows:

"The councils of cities and towns incorporated under the General Laws shall within their discretion act as a board of Equalization.  Said councils of such cities and towns shall annually at their first meeting or as soon thereafter as practical exercise such discretion, and if they so determine they shall have the authority to appoint three (3) commissioners, each a qualified voter, a resident, and property owner of the city or town for which he is appointed who shall be styled the Board of Equalization.  At the same meeting said council shall by ordinance fix the time for the meeting of such Board.  Before said Board enters upon its duties, it shall be sworn to faith-

fully and impartially discharge all duties incumbent upon it by law as such Board."

Article 2791, Revised Civil Statutes of Texas, 1925, as amended, reads as follows:

"There is hereby created the office of assessor and collector of each independent school district, whether created by special or general law, who shall be appointed by the Board of Trustees thereof, and shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the assessor and collector of taxes in and for any incorporated city, town or village, or upon the person or officer legally performing the duties of such assessor and collector, and he shall receive such compensation for his services as the Board of Trustees may allow, except in cities and towns provided for, not to exceed four (4) per cent of the whole amount of taxes received by him. He shall give bond in double the estimated amount of taxes coming annually into his hands, payable to and to be approved by the president of the Board, conditioned for the faithful discharge of his duties, and that he will pay over to the treasurer of the Board all funds coming into his hands by virtue of his office as such assessor and collector; provided that in the enforced collection of taxes the Board of Trustees shall perform the duties which devolve in such cases upon the city council of an incorporated city or town, the president of the Board of Trustees shall perform the duties which devolve in such cases upon the mayor of an incorporated city or town, and the county attorney of the county in which the independent school district is located, or the city attorney of the incorporated city in which said district or a part thereof is located shall perform the duties which in such cases devolve upon the city attorney of an incorporated city or town under the provisions of law applicable thereto. It shall be within the discretion of the Board of Trustees of any independent school district to name an assessor of taxes who shall assess the taxable property within the limits of the independent school

district within the time and in the manner pro-
vided by existing laws, in so far as they are
applicable, and when said assessment has been
equalized by a Board of Equalization appointed
by the Board of Trustees for that purpose, shall
prepare the tax rolls of said district and shall
duly sign and certify same to the county tax
collector, or the city tax collector as provided
for in the succeeding article. The said assessor
of taxes shall receive a fee of two (2) per cent
of the whole amount of taxes assessed by him as
shown by the completed certified tax rolls."

The enumerated statutes above suffice to show
the legal authority that guides an independent school district,
such as the Itasca Independent School District, in the assess-
ment of its taxes. "When the actions of tax officials are
regular, they are final as to valuations." Republic Insur-
ance Company v. Highland Park Independent School District,
123 S. W. (2) 784, error dismissed in 125 S. W. (2) 270.

This department held in Attorney General's
Opinion No. 1352, addressed to Honorable L. A. Woods, State
Superintendent, dated October 1939, that an independent
school district has the power to establish its own tax
system. A copy of that opinion is hereto attached.

Mr. Wilkinson's act in changing the valuations
for 1933 through 1938 is equivalent to a collateral attack
thereon and has no basis in law. The general rule is that a
board of equalization of an independent school district is
"invested with quasi-judicial powers; consequently, the value
of taxable property as fixed by it is res adjudicata, and
therefore is not subject to indirect or collateral attack."
40 Tex. Jur. 156; Port Arthur Independent School District
v. Baumer, 64 S. W. (2) 412 (Court of Civil Appeals). The
valuations approved by the several boards of equalization
for each of the years 1933 through 1938 are not assailable ex-
cept by a suit in court.

In view of the foregoing statutes and rules of
law, it is the opinion of this department that a delinquent

taxpayer has no lawful authority to change the valuations on his property after such valuations have been approved by a board of equalization of an independent school district and after taxes based upon such valuations have become delinquent. The fact that Mr. Wilkinson chose a uniform valuation has no effect upon our conclusion. It, therefore, follows that the Tax Collector of the Itasca Independent School District is correct in its position of demanding the amount of taxes that have accrued against Mr. Wilkinson's property at the valuations approved by previous boards of equalization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Joe Fultz
        Assistant

JF:bt

